HAWAIIAN COMMERCIAL AND SUGAR CO. *vs.* J. M. HORNER.

EXCEPTIONS TO RULINGS OF JUDD, C. J.

JANUARY TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

To justify the presiding judge at a trial in directing a verdict for defendant, at the close of plaintiff's case, there should be a total want of evidence to support the plaintiff's claim.

There being abundant testimony in chief, for plaintiff, to sustain a verdict for plaintiff; held that the Court would have erred in directing a verdict for defendant, and that the verdict for plaintiff must stand.

Exceptions overruled.

OPINION OF THE COURT, BY PRESTON, J.

THIS is an action of assumpsit brought by the plaintiff, a foreign corporation carrying on business in this Kingdom, against the defendant, a sugar planter, to recover the sum of $4,172 28, and interest, for money loaned, money laid out and expended, money had and received, goods sold and delivered, and labor and services by plaintiff's servants, according to the accounts annexed to the complaint.

The action was tried at the last October term of the Court, before the Chief Justice and a foreign jury, and resulted in a verdict for the plaintiff.

From the testimony adduced on the part of the plaintiff, it appeared that Claus Spreckels carried on business at Spreckelsville and Kahului, on the island of Maui, and that he had made advances and sold goods to the defendant; that he had carried on business in his own name, but for and on account of himself and certain other parties who were afterwards incorporated in the State of California, under the corporate name of "The Hàwaiian Commercial and Sugar Company," the plaintiff herein: That on the 1st of November, 1882, George C. Williams took charge as

66

manager for the plaintiff, (the accounts between the defendant and
Claus Spreckels having been closed) and opened a new account
with the defendant, and that advances were made and goods
sold to the defendant, and labor performed from time to time
until the closing of the account, the plaintiff receiving and ac-
counting for sugars from time to time received from the defend-
ant, leaving the balance claimed owing by the defendant : That
the defendant from time to time drew orders upon Claus Spreck-
els, which were paid by Williams, out of moneys belonging to the
plaintiff.   Claus Spreckels was president of the plaintiff company
during the time covered by the accounts.   The plaintiff company
was registered in the office of the Minister of the Interior, during
the first week in January, 1883.   It was also proved that af-
ter the 2d of November, 1882, a change was made in the bill
heads from "Claus Spreckels" to "Hawaiian Commercial and
Sugar Company," and the accounts were regularly delivered to
defendant.

Upon the close of the plaintiff's case, counsel for the defendant
moved the Court to instruct the jury to render a verdict for the
defendant, which the Court declined to do.   The defendant ex-
cepted and the bill of exceptions came on for argument on the
20th day of January last.

Mr. Dole, for the defendant, contended that the debt was due
to Spreckels, and that the plaintiff company, not being registered
until January, 1883, the plaintiff could not recover.

Mr. Hatch, for plaintiff, argued that the granting of a non-suit
being in the discretion of the Court, exceptions would not lie,
and that the testimony showed that the debt was owing to the
plaintiff.

### BY THE COURT.

The only point raised on this bill of exceptions is, was the
learned Chief Justice wrong in refusing to direct the jury to re-
turn a verdict for the defendant?

To justify the presiding judge in directing such a verdict, there
should be a total want of evidence to support the plaintiff's claim.
Can it be said from the evidence set out that the evidence on be-
half of the plaintiff failed to show a cause of action ?

We think there was abundant testimony on behalf of the plain-

tiff (in the absence of any testimony on the part of the defendant) to sustain a verdict for the plaintiff and that the learned judge would have erred in directing a verdict as requested.

This being the only exception, and no new trial on the ground that the verdict was against evidence having been applied for, we must overrule the exceptions and allow the verdict for the plaintiff to stand.

Exceptions overruled with costs.

*F. M. Hatch* and *Paul Neumann*, for plaintiff.

*S. B. Dole* and *Jona. Austin*, for defendant.

Honolulu, February 5, 1886.